UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANY WATKINS,

Plaintiff,

Case No. 12-CV-15629

vs.

HON. GEORGE CARAM STEEH

JPMORGAN CHASE
US BENEFITS EXECUTIVE,

Defendant.
_____________________________________/

**ORDER GRANTING DEFENDANT'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD (Doc. 16) AND DENYING PLAINTIFF'S MOTION FOR JUDGMENT ON THE ADMINISTRATIVE RECORD (Doc. 15)**

Plaintiff Stephany Watkins alleges that defendant JPMorgan Chase US Benefits Executive ("Chase") wrongfully denied her claim for retirement benefits under an employee benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq. Watkins seeks retirement benefits, for which she submitted a claim in 1998, which Chase maintains it has already paid. The parties filed cross motions for judgment on the administrative record, which the court has duly considered. This court shall affirm the Plan Administrator's decision as Watkins' claim is barred by the statute of limitations, and in any event, the Plan Administrator's decision was not arbitrary and capricious where the evidence submitted indicates that Watkins received full payment for those benefits in 1998.

## I. Standard of Review

This matter is before the court on the parties' cross motions for entry of judgment on the administrative record. When a benefit plan accords discretionary authority to the claims administrator to make determinations with respect to benefits eligibility, the administrator's determination is subject to the "arbitrary and capricious" standard of review. Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 107 (1989). The parties agree that the retirement policy at issue gives the Plan Administrator discretionary authority to determine benefits, and likewise agree that the arbitrary and capricious standard applies. Under this standard, the administrator's plan interpretation and benefits determination can be overturned only upon a showing of internal inconsistency, bad faith, or some other ground calling such determination into question. Davis v. Kentucky Fin. Cos. Ret. Plan, 887 F.2d 689, 695 (6th Cir. 1989). Watkins argues that the administrator has a conflict of interest which requires the court to consider that factor in determining whether there has been an abuse of discretion. Metro. Life Ins. Co. v. Glenn, 554 U.S. 105, 115 (2008); Judge v. Metro. Life Ins. Co., 710 F.3d 651, 663-64 (6th Cir. 2013). Even considering that the administrator has a conflict of interest, the administrator's decision was not arbitrary and capricious. A district court reviewing a decision regarding benefits under ERISA is to "conduct a . . . review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly." Wilkins v. Baptist Healthcare Sys., Inc., 150 F.3d 609, 619 (6th Cir. 1998). "When it is possible to offer a reasoned explanation, based on the evidence, for a particular outcome, that outcome is not arbitrary or capricious." Williams v. International Paper Co., 227 F.3d 706, 712 (6th Cir. 2000) (citing Davis, 887 F.2d at 693).

## II. Findings of Fact

Watkins worked for First Chicago NBD ("NBD") until October 10, 1997 when she left her employment. When she left NBD, she had a vested cash balance in an ERISA qualified personal pension account plan. Seven months later, on May 14, 1998, she filed an election form seeking to receive a lump sum payment of benefits she had accrued under the retirement plan. On June 1, 1998, NBD generated a check for Watkins in the amount of $18,484.44 less 20 percent income tax withholding, for a net payment of $14,787.56 and sent the check to the address she provided on the pension payment election form.[1] Eight years later, on April 6, 2006, Watkins contacted Chase's human resource center and claimed that she never received the payment she requested in 1998. Chase provided her with a copy of its check register showing that the check had been generated and mailed to her.

On February 8, 2010, Watkins filed a lawsuit in Wayne County Circuit Court, which was nearly twelve years after she submitted her election form seeking the lump sum pension benefit. Chase, appearing as the successor in interest to Bank One Corporation and NBD, removed the action here. The action was then stayed and administratively closed pending administrative review. On October 11, 2011, plaintiff's counsel sent Chase's corporate benefits department a letter claiming Watkins never received the check listed on the register and the parties agreed to treat the letter as her initial claim for additional retirement benefits under the Plan. On February 14, 2012, the

---

[1]Between 1998 and 2006, First Chicago NBD plan was merged into the Bank One Corporation personal pension account which effective December 31, 2004, merged into the JPMorgan Chase Retirement Plan which now governs Watkins retirement benefits.

corporate benefits department denied the claim on the basis that its records of stale and non-negotiated checks did not identify Watkin's check, and it was unable to produce a copy of a canceled check because it only maintains its records for seven years, and over a decade had passed between the date the check was issued and Watkin's claim. On April 19, 2012, Watkins appealed that decision to the qualified appeals committee who recommended that the Plan Administrator deny Watkins' claim for additional retirement benefits. On June 21, 2012, the Plan Administrator denied Watkin's claim for retirement benefits, concluding that Watkins had received and negotiated the check issued in June, 1998. The Plan Administrator denied Watkins' claim that Chase needed to produce the canceled check, a W-2, or Form 1099-R to prove that payment was made, finding that it was Watkin's dilatory conduct that resulted in such evidence being lost.

**III. Conclusions of Law**

A. Statute of Limitations

Watkin's ERISA claim is barred by the statute of limitations. While the ERISA statute itself does not set forth the statute of limitations, the Sixth Circuit has ruled that federal courts should apply the state statute of limitations period which is most closely analogous to the federal claim, which in the instant dispute would be a breach of contract claim. Santino v. Provident Life & Acc. Ins. Co., 276 F.3d 772, 776 (6th Cir. 2001). Michigan law establishes a six-year statute of limitations period for breach of contract. Mich. Comp. Laws § 600.5807(8). Thus, the six-year statute of limitations applies to Watkin's ERISA claim here. Santino, 276 F.3d at 776; Laborer's Pension Trust Fund v. Sidney Weinberger Homes, Inc., 872 F.2d 702, 705 (6th Cir. 1998). The

Sixth Circuit has recognized the important policy reasons behind statute of limitations are to require plaintiffs to pursue claims diligently and to protect defendants from stale claims. Garden City Osteopathic Hosp. v. HBE Corp., 55 F.3d 1126, 1135 (6th Cir. 1995).

"Although the statute of limitations may be borrowed from state law, it is federal law that determines the date on which a statute of limitation begins to run." Michigan United Food & Comm. Workers Unions v. Muir Co., 992 F.2d 594, 599 (6th Cir. 1993) (citations omitted). An ERISA cause of action does not generally accrue until a claim of benefits has been made and formally denied. Stevens v. Employer-Teamsters Joint Council No. 84 Pension Fund, 979 F.2d 444, 451 (6th Cir.1992). In a similar context, the Sixth Circuit has held that the statute of limitations period is triggered in an ERISA employer contribution case when the plaintiff discovers, or with due diligence should have discovered the injury that is the basis of the action. Muir Co., 992 F.2d at 597.

In an ERISA denial of benefits claim, the Sixth Circuit has developed the discovery rule into the "clear repudiation" doctrine which holds that a formal denial of benefits is not required where there has been a clear repudiation of the benefits by the fiduciary. Morrison v. Marsh & McLennan Cos., Inc., 439 F.3d 295, 302 (6th Cir. 2006). Examples of "clear repudiation" include receiving monthly pension benefits payments that simple arithmetic would reveal resulted in an underpayment, Miller v. Fortis, 475 F.3d 516, 522-23 (3rd Cir. 2007), and collection of a lump sum payment of retirement benefits in smaller amount than plaintiff claimed was due and owing under an ERISA plan. Fallin v. Commonwealth Indus., Inc. Cash Balance Plan, 521 F. Supp. 2d 592, 597 (W.D. Ky. 2007). Similarly, Judge Rosen of this district held that plaintiffs were

time-barred from pursuing ERISA claims for pension benefits filed more than six years after they were first informed that they needed to pay a portion of the cost of their retiree medical benefits. Armbruster v. K-H Corp., 206 F. Supp. 2d 870, 889 (E.D. Mich. 2002). Likewise, Judge Friedman of this district found that plaintiff's ERISA claim for benefits was time-barred where she claimed she did not receive three checks issued by the employee benefit plan for loans she requested from her employee savings plan in 1998 through 2000, but waited more than six years after she signed the last loan document to file her claim. Davis v. Merrill Lynch, Pierce Fenner & Smith, No. 07-15234, 2008 WL 1931567, at *6 (E.D. Mich. May 2, 2008).

Here, Watkins asserts that her claim did not accrue until she exhausted her administrative remedies in June, 2012.[2] The Sixth Circuit has rejected the argument that the statute of limitations will never begin to run until a plaintiff has exhausted her administrative remedies. Morrison, 439 F.3d at 302. In this case, Watkins first elected to take a lump sum payment in May, 1998. She did not file the instant lawsuit until twelve years later in 2010, and did not pursue her administrative remedies until the parties' stipulated to stay the lawsuit to allow her to do so in 2011. By her own admissions, she did not even make informal inquiries of her former employer to determine the status of the check until July, 2006, over eight years after she requested

[2]Watkins' claim that a decision by the Supreme Court in Heimeshoff v. Hartford Life & Accident Ins. Co., 133 S. Ct. 1802 (2013), a case for which it recently granted certiorari, will resolve the issue of whether the statute of limitations accrues when a claimant has exhausted her administrative remedies, is misplaced. That case involves the issue of whether the parties can contract for the date on which an ERISA claim accrues. There is no contractual provision under the policy in this case which establishes when an ERISA denial of benefits claim accrues, and thus, Heimeshoff is irrelevant.

to take her retirement benefits in a lump sum. Certainly, due diligence would have required Watkins to discover that her employer had failed to pay her for the benefits she sought at some point in 1998. Thus, her claim was filed well more than six years after her cause of action accrued and is clearly time barred.[3]

B. The Plan Administrator's decision was not arbitrary and capricious

Even if the claim were not time barred, the Plan Administrator's decision was not arbitrary and capricious. Chase submitted evidence showing that the check was generated and mailed to the address provided by Watkins and its records do not indicate that the check was outstanding. True, Chase was unable to produce a canceled check as it only retains cashed checks for a period of seven years, and thirteen years passed since the date the check was issued and the time of the administrative review. However, Watkin's claim that Chase should be faulted for not producing the canceled check does not ring true as it is Watkins' burden to prove that she is entitled to the retirement benefit, and her dilatoriness alone is to blame for the fact that the evidence has not been preserved. Rose v. Hartford Fin. Serv. Group, 268 Fed. App'x 444, 452 (6th Cir. 2008) (plaintiff bears burden to prove entitlement to benefits). For the same reason, the lack of a W-2 or Form 1099-R does not render the Plan Administrator's decision arbitrary and capricious as the lack of such evidence was caused by Watkins' own delay in pursuing her claim. This court's prior remand of the

---

[3]Watkins' argument that the statute of limitations was tolled by Chase's alleged fraudulent concealment of her claim for benefits is not, to say the least, persuasive. Watkins has not come forward with any evidence to suggest that Chase's affirmative misconduct prevented her from discovering her benefits claim, thus, excusing her delay. See State of Michigan v. McDonald Dairy Co., 905 F. Supp. 447, 451 (E.D. Mich. 1995).

claim to defendant for Plan review afforded plaintiff the opportunity to submit her own tax, banking, or residency records to support an inference that she did not receive her retirement, yet she marshaled no such evidence at all.

Finally, the court considers Watkin's argument that "if someone else who was unauthorized to negotiate the check negotiated the check, JPMorgan remained at risk to make good on the check to Watkins." In support of this claim, Watkin cites to Kay v. Wayne County, 274 Mich. 90, 95 (1936) where the Michigan Supreme Court ruled that where the county paid an unauthorized agent who fraudulently indorsed a check for the sale of goods, the county was still liable to the principal for the value of the merchandise. This non-ERISA case is wholly irrelevant to the present dispute and no evidence suggests that once Chase issued the retirement check to Watkins, the check was fraudulently indorsed by another. In sum, Watkins has failed to show the Plan Administrator abused her discretion in ruling that Watkins had already been paid her retirement benefits, thus denying her claim.

**IV. Conclusion**

The decision of the Plan Administrator is AFFIRMED. Defendant's motion for judgment (Doc. 16) hereby is GRANTED and plaintiff's motion for judgment (Doc. 15) hereby is DENIED.

IT IS SO ORDERED.

Dated: October 31, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on October 31, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk