UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEPHANY WATKINS,

    Plaintiff,

vs.

JPMORGAN CHASE
US BENEFITS EXECUTIVE,

    Defendant.
_____/

Case No. 12-CV-15629

HON. GEORGE CARAM STEEH

## ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES

This ERISA denial of benefits case arises out of plaintiff Stephany Watkins' claim that defendant JPMorgan Chase US Benefits Executive ("Chase") wrongfully denied her claim for lump sum retirement benefits. Watkins retired from Chase's predecessor, First Chicago NBD, in October, 1997, and filed an election form to receive a lump sum payment of retirement funds in May, 1998. Some twelve years later, Watkins filed her complaint in state court, later removed here, alleging that Chase had failed to pay her claim. After this action was stayed pending administrative review, the plan administrator denied Watkins' claim. On October 31, 2013, this court affirmed the plan administrator's decision finding that Watkins claim was time-barred, and in addition, Chase had submitted unrebutted proofs that Watkins received a check for approximately $18,000, less tax withholdings, in 1998. Now before the court is Chase's motion for attorney fees, as the prevailing party, in the amount of $25,703.04. For the reasons set forth below, Chase's motion shall be denied.

ERISA allows the court discretion to award attorney fees to the prevailing party under 29 U.S.C. § 1132(g)(2).  In determining whether to award fees, the court may consider five factors: "(1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons under similar circumstances; (4) whether the party requesting fees sought to confer a common benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions."  Secretary of Dep't of Labor v. King, 775 F.2d 666, 669 (6th Cir. 1985).  The King factors are not statutory and none of them is necessarily dispositive, but they set forth a flexible approach that may help the court's analysis.  Ciaramitaro v. Unum Life Ins. Co. of America, 521 Fed. App'x 430, 437 (6th Cir. 2013).

Attorney fees are not warranted under the King five-factor test.  First, and perhaps most importantly, under the second factor, Watkins has shown that she would be unable to pay the award sought.  She is now and has been represented in this case by a family friend acting *pro bono*.  She does not own a home and her only asset is a 2003 Dodge Durango.  It also strikes the court that it would be unreasonable to award defense counsel more in fees than what was at stake in the underlying lawsuit.  Here, Watkins sought only $18,000 in retirement benefits, while defense counsel seeks over $25,000 in fees.

Consideration of the remaining four King factors also lead this court to conclude that attorney fees are not warranted.  As to the first factor, nothing suggests that Watkins proceeded in bad faith.  True, she slept on her rights and delayed in bringing

this lawsuit to her own detriment. But her mere dilatoriness does not amount to bad faith. Chase argues that the third factor is met because awarding fees would serve as a deterrent to those proceeding with stale claims. The dismissal of Watkins' claim based on the statute of limitations defense is deterrence enough. Consideration of the fourth factor also leads this court to conclude that it should not award Chase attorney fees. Chase's defense of Watkins' ERISA action here did not resolve any significant legal question nor could it be said to have conferred any substantial benefit to other participants and beneficiaries of the plan. Finally, the court considers the relative merits of the parties' positions. Chase maintains that Watkins' claim was patently frivolous. Watkins supported her claim, however, by pointing to the absence of a canceled check, lack of a W-2, or Form 1099-R from her former employer. While this court held that Chase could not be faulted for failing to produce such information given the twelve years that had lapsed since Watkins first requested lump sum retirement benefits, the lack of such evidence gave Watkins an arguable, albeit weak, basis for proceeding with her claim.

In sum, because Watkins lacks the ability to pay the attorney fees sought, and having failed to otherwise meet the King five-factor analysis, Chase's motion for attorney fees (Doc. 23) hereby is DENIED.

IT IS SO ORDERED.

Dated: January 15, 2014

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on January 15, 2014, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk